Sadou TALL, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.

No. 04–2524–AG NAC.

United States Court of Appeals, Second Circuit.

Jan. 6, 2006.

---

**1.** Pursuant to Federal Rul of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Ronald S. Salomon, New York, New York, for Petitioner.

Terrell L. Harris, United States Attorney, Monica M. Simmons, Assistant United States Attorney, Western District of Tennessee, Memphis, Tennessee, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of the decision of a Board of Immigration Appeals ("BIA") is denied.

Sadou Tall petitions for review of the BIA's order affirming the decision of an immigration judge ("IJ") that denied Tall's claims for asylum and withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). Tall alleged persecution in Guinea based on his political opinion. The IJ found Tall was not credible and did not therefore demonstrate eligibility for the relief he sought. Tall raises only the denial of his asylum claim in his petition for review. We assume the parties' familiarity with the underlying facts and procedural history of this matter.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d. Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)).

The IJ found Tall to be not credible because of inconsistencies concerning his alleged three imprisonments. The IJ noted that Tall had testified that after his first arrest, he was incarcerated in Matan prison. On cross-examination, he stated that his first imprisonment was in Cereta National, his second imprisonment was in Mazon Central, and his third imprisonment was in Matan. Tall's affidavit and his asylum application, however, state that his first imprisonment was in Matam, his second was in Surete Nationale, and his third was in Maison Centrale. These inconsistencies support the IJ's adverse credibility determination because they involve "the heart of the asylum claim," *see Secaida–Rosales*, 331 F.3d at 308 (citing *Gao v. Ashcroft*, 299 F.3d 266, 272 (2d Cir.2002)), and are not "minor and isolated disparities." *Id.* (citing *Diallo*, 232 F.3d at 288).

The IJ also found Tall incredible based on his contradictory testimony concerning when he decided to leave Guinea. Tall testified that he had no plans to leave Guinea any time before July 2000. When Tall was shown that his passport contained an application stamp for a French visa,

dated April 28, 2000, and then asked when he first decided to leave Guinea, he answered, "[i]t was after I went to renew my passport in January 2000," and that he wanted to leave then "because of the problems that I have in my country."

Although the IJ relied on other grounds in making her adverse credibility finding, these two reasons amply support her adverse credibility finding.

For the foregoing reasons, the petition for review is DENIED and the Court's previously granted motion for a stay is VACATED.